UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW R. POULIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-2309-JBM |
| KARRI WAGNER, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and currently incarcerated at the Federal Correctional Institution in Pekin, Illinois, files an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging that a false-positive drug test led to the revocation of his supervised release and wrongful incarceration relating to past federal criminal convictions occurring in the Central District of Illinois. (Doc. 10).

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## FACTS

Plaintiff's federal probation officer initiated revocation proceedings in July 2021 in criminal cases 11-cr-40116 and 19-cr-20030 in the Central District of Illinois based, in part, on drugs tests that revealed Plaintiff was using cocaine. Plaintiff claims that the drug tests were unreliable because they falsely indicated a new use of illegal drugs, rather than residual effects from past usage. Plaintiff sues the lab employees and alleges that the faulty drug tests led to his arrest and wrongful incarceration. He seeks damages and an investigation into the lab company.

## ANALYSIS

According to the public docket in Plaintiff's revocation proceedings, Plaintiff admitted to possessing a controlled substance on May 25, 2021, and was found not to have violated the other conditions of his supervised release. (See Revocation Judgments in criminal cases 11-cr-40116 and 19-cr-20030). Appeals were filed in December 2021 and remain pending.

Plaintiff does not specifically ask for release, but his allegations necessarily challenge the basis for his arrest and incarceration. Those challenges must first be pursued in Plaintiff's criminal cases, direct appeals in the criminal cases, and by filing of a habeas petition, after the exhaustion of any applicable remedies. Plaintiff may not pursue a § 1983 claim for damages, the success of which would imply the invalidity of a criminal conviction or sentence, unless that conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (*Heck* applies to federal prisoners challenging duration of confinement). Plaintiff's Amended Complaint is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. His claims related to his arrest and allegedly wrongful conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and are

dismissed without prejudice.[1] Defendants, who are employees of Pharmchem, Inc. and Clinical Reference Lab, are dismissed with prejudice, as the allegations do not plead the deprivation of any rights bestowed upon Plaintiff by the Constitution or laws of the United States as required by § 1983.

**IT IS THEREFORE ORDERED:**

1)    Plaintiff's Amended Complaint is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. As stated above, Defendants are DISMISSED with prejudice. Plaintiff's claims related to his arrest and allegedly wrongful conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and are dismissed without prejudice.

2)    The Clerk is directed to enter Judgment and close this case. This dismissal shall count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3)    Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)    If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement

---

[1] Dismissals under *Heck* are without prejudice. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside.").

of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  6/24/2022

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge
