UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MATTHEW R. POULIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-2309 |
| | ) | |
| KERRI WAGNER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court dismissed this case without prejudice on June 24, 2022, after finding that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred some of Plaintiff's claims, and that he failed to state a constitutional claim against Defendants Pharmchem, Inc. and Clinical Reference Lab. (Docs. 11, 12). The matter is now before the Court for ruling on Plaintiff's Motion for Reconsideration. (Doc. 16). The motion is denied.

Plaintiff seeks reconsideration of the Court's dismissal of Defendants Pharmchem, Inc. and Clinical Reference Lab pursuant to Fed. R. Civ. P. 60(b). The rule authorizes the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; the judgment is void; satisfaction, release, or discharge; or, any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Relief under this rule "is limited to extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely the erroneous application of law." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018).

Plaintiff contends that the Court misconstrued his allegations as a challenge to the facts underlying the revocation of his parole. Plaintiff states his claims are not barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because he seeks damages from the companies that produced and reported results from a sweat patch designed to detect drug use—he does not challenge the positive urine drug test prompting the revocation of his parole. He states he did not challenge his conviction, only the length of the term of reimprisonment on his parole revocation and a condition of supervised release. (d/e 16 at 4).

Plaintiff has not presented the extraordinary circumstances that warrant relief under Rule 60(b). Further, challenges to the duration of imprisonment or a term of supervised release must be pursued in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody).

**It is therefore ordered that Plaintiff's motion (d/e 16) is DENIED.**

Entered this 30th day of May, 2023.

*Joe Billy McDade*
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE
